IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**CHRISTIAN R.**[1]

    Plaintiff,

v.

**COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,**

    Defendant.

Civ. No. 3:20-cv-00603-CL

**OPINION AND ORDER**

MARK D. CLARKE, Magistrate Judge.

Plaintiff Christian R. ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration denying his claim for social security disability insurance benefits. Full consent to magistrate jurisdiction was entered on March 3, 2021 (Dkt. #19). For the reasons provided below, the Commissioner's decision is AFFIRMED.

## BACKGROUND

Plaintiff Christian R. was born on January 23, 1997, and he is currently 25 years old. He has a limited education and is able to communicate in English. He alleges he is unable to sustain

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party or parties in this case.

1 - Opinion and Order

fulltime work activity due to bipolar disorder, depression, posttraumatic stress disorder (PTSD), attention deficit hyperactivity disorder (ADHD), and oppositional defiance disorder (ODD).

Plaintiff received child disability benefits until he turned 18, when the Social Security Administration conducted a continuing disability review and determined he was no longer eligible for benefits as an adult. Tr. 48-51, 205, 287. Plaintiff was not represented by counsel at that time and did not appeal that determination. *Id.*

Plaintiff filed an application for supplemental security income benefits on January 19, 2017, alleging disability since January 23, 1997. Tr. 150-53. He was initially denied on April 26, 2017, and again on reconsideration on June 15, 2017. Tr. 79-82, 88-89. Plaintiff had a hearing on November 20, 2018, before ALJ De Monbreum. Tr. 30-53. He amended his alleged onset date to his filing date of January 19, 2017. Tr. 36. On March 14, 2019, Judge De Monbreum issued a decision finding that Plaintiff was not disabled from January 19, 2017, through the date of the decision. Tr. 15-25. Plaintiff appealed that decision on April 26, 2019, and was denied by the Appeals Council on February 21, 2020, making the ALJ's decision the final agency decision. Tr. 1-5, 147, 225-29. This appeal followed.

## DISABILITY ANALYSIS

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r. Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Each step is potentially

dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity"? 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510; 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). Unless expected to result in death, an impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a); 416.921(a). This impairment must have lasted or must be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509; 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds to the "residual functional capacity" ("RFC") assessment.

   a. The ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's RFC. This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(b)-(c); 416.920(e); 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

3 - Opinion and Order

> 5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v); 404.1560(c); 416.960(c). If the claimant cannot perform such work, he or she is disabled.

*See also Bustamante v. Massanari*, 262 F.3d 949, 954-55 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 954. The Commissioner bears the burden of proof at step five. *Id.* at 953-54. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999) (internal citations omitted); *see also* 20 C.F.R. §§ 404.1566; 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 954-55; *Tackett*, 180 F.3d at 1099.

## THE ALJ'S FINDINGS

Applying the above analysis, the ALJ made the following findings:

1. Plaintiff has not engaged in substantial gainful activity since January 1, 2017, the application date. Tr. 17.

2. Plaintiff has the following severe impairments: history of ADHD; history of learning disorder; history of PTSD; bipolar disorder type II; anxiety disorder; schizoid personality traits. Tr. 17.

3. Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. Tr. 18.

4. Plaintiff has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: he has the ability to understand, remember, and carry out short, simple, and routine job instructions with a DOT GED reasoning level of 2 or less, consistent with unskilled work. He should not interact with the public. He should have only occasional interaction with coworkers and supervisors. Tr. 19.

5. Plaintiff has no past relevant work. Tr. 24.

6. Plaintiff was born on January 23, 1997, and was 19 years old, which is defined as a younger individual age 18-49 on the date the application was filed. Tr. 24.

7. Plaintiff has a limited education and is able to communicate in English. Tr. 16.

8. Transferability of job skills is not an issue because Plaintiff does not have any past relevant work. Tr. 24.

9. Considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including Night Cleaner, Hand Packager, and Auto Detailer. Tr. 24.

10. Plaintiff was not under a disability, as defined in the Social Security Act, since January 1, 2017, the date the application was filed. Tr. 25.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on the proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "'Substantial evidence' means 'more than a mere scintilla but less than a preponderance,' or more clearly stated, 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). In reviewing the Commissioner's alleged errors, this Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations

of the evidence are insignificant if the Commissioner's interpretation is rational. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

If the decision of the Appeals Council is the final decision of the Commissioner, this Court must review the decision of the Appeals Council to determine whether that decision is supported by substantial evidence. *Howard v. Heckler*, 782 F.2d 1484 (9th Cir. 1986). Where the evidence before the ALJ or Appeals Council is subject to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Batson*, 359 F.3d at 1198 (citing *Andrews*, 53 F.3d at 1041). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock*, 879 F.2d at 501). Additionally, a reviewing court "cannot affirm the [Commissioner's] decision on a ground that the [Administration] did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (citations omitted). Finally, a court may not reverse the Commissioner's decision on account of an error that is harmless. *Id.* at 1055-56. "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

Even where findings are supported by substantial evidence, "the decision should be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." *Flake v. Gardner*, 399 F.2d 532, 540 (9th Cir. 1968). Under sentence four of 42 U.S.C. § 405(g), the reviewing court has the power to enter, upon the pleadings and transcript record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the case for a rehearing.

## DISCUSSION

Plaintiff presents the following issues for review:

1. Whether the ALJ properly evaluated Plaintiff's subjective symptom testimony.
2. Whether the ALJ properly evaluated the medical opinion of Dr. Alvord.
3. Whether the ALJ properly evaluated and included all supported limitations in the residual functional capacity (RFC)?

For the following reasons, the Court finds that the ALJ properly evaluated the evidence. The decision of the Commissioner is affirmed.

### I. The ALJ properly evaluated Plaintiff's subjective symptom testimony; he gave clear and convincing reasons to discount the severity of his symptoms and the ALJ's conclusion is supported by substantial evidence.

Plaintiff challenges the ALJ's treatment of his testimony regarding his limitations and severity of his symptoms. When deciding whether to accept the subjective symptom testimony of a claimant, the ALJ must perform a two-stage analysis. In the first stage, the claimant must produce objective medical evidence of one or more impairments which could reasonably be expected to produce some degree of symptom. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). The claimant is not required to show that the impairment could reasonably be expected to cause the severity of the symptom, but only to show that it could reasonably have caused some degree of the symptom. *Id.*

In the second stage of the analysis, the ALJ must consider the intensity, persistence, and limiting effects of the alleged symptoms based on the entire record. SSR 16-3p at *7-8. The ALJ will consider the "[l]ocation, duration, frequency, and intensity of pain or other symptoms" reported by the claimant, any medical sources, and any non-medical sources. *Id.* The ALJ's decision must contain "specific reasons for the weight given to the individual's symptoms, be consistent with and support by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." *Id.* Additionally, the evidence upon which the ALJ relies must be substantial. *See Holohan v.*

7 - Opinion and Order

*Massinari*, 246 F.3d 1195, 1208 (9th Cir. 2001); *Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991). In rejecting claimant's testimony about the severity of her symptoms, the ALJ must give "specific, clear and convincing reasons for doing so." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015).

Here, the ALJ determined that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 20. Plaintiff argues that the ALJ gave only the blanket statement that the allegations were not consistent with the medical record and other evidence, and "did not make any other clearly articulated arguments" for rejecting the subjective symptom testimony. However, the ALJ discussed the medical record and other evidence thoroughly, and, throughout that discussion, made several findings that discount the allegations. The ALJ's findings should be upheld if supported by inferences reasonably drawn from the record; if evidence exists to support more than one rational interpretation, the court is bound to uphold that interpretation. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Because the Court can infer from the ALJ's decision the reasons for discounting the subjective symptom testimony, and the ALJ's conclusion is reasonable, the conclusion will be upheld.

The ALJ's decision includes three clear and convincing reasons to reject the severity of Plaintiff's alleged symptoms: 1) Plaintiff's conditions showed improvement with treatment, 2) the medical evidence was inconsistent with Plaintiff's subjective complaints, and 3) Plaintiff's activities undermined his complaints. These findings are supported by substantial evidence.

First, the effectiveness of treatment is relevant to the evaluation of a claimant's symptom treatment. 20 C.F.R. § 404.1529(c)(3)(iv)-(v), 416.929(c)(3)(iv). Such evidence of medical

treatment successfully relieving symptoms can undermine a claim of disability. *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017).

Here, Plaintiff presented with complaints of lifelong mental health issues resulting in irritability and anger. Tr. 20 (citing e.g., Tr. 38-39). He received treatment off and on throughout his life, and his childhood benefits were terminated at his 18-year disability review. Tr. 20, 50. At the 18-year psychodiagnostic evaluation in 2015, Plaintiff reported that he last received mental health treatment in December 2014 and could live with his family, manage his grooming, complete some chores weekly, prepare some meals, independently travel via public transportation, shop, and manage his own funds. Tr. 20 citing Tr. 255, 258. He also reported that he enjoyed watching television, playing video games, listening to music, exercising, and seeing a few friends four times a week. *Id*. The ALJ pointed out that despite an acute exacerbation following an incident involving an assault (Tr. 20 citing Tr. 297-98), Plaintiff testified that he has made significant progress with his treatment after his legal issues resolved. Tr. 20 citing Tr. 38-39. Plaintiff stated that, while he had some anger issues when talking on the phone to family or his girlfriend, the forced interaction in jail was good for him and he did not have any anger issues in the jail. *Id*. This testimony comports with treatment records where Plaintiff reported he was "a lot better" after his stay in jail, where he forced to interact with his cellmates, and that he was not "even feeling that anxious, mostly just bored." Tr. 20 (citing Tr. 38, 393, 399). The ALJ specifically noted that, after his release, Plaintiff reported his anxiety was two out of ten, that he was spending time with his friends and his family, was able to quit smoking cigarettes, and was feeling more calm and relaxed, without anger or anxiety issues. *Id*. His counselor observed Plaintiff to be pleasant and cooperative despite an aloof presentation, to have very good mood with only mildly constricted affect, and that Plaintiff reported benefit from medications with no

9 - Opinion and Order

side effects. *Id.* citing Tr. 395-97. Thus, substantial evidence supports the ALJ's finding that Plaintiff's symptoms improved with treatment, and this was a clear and convincing reason to discount the severity of these symptoms.

Second, an ALJ may discount a claimant's subjective symptom testimony that is contradicted by medical evidence. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1161 (9th Cir. 2008). Here, the ALJ determined that the medical record contradicted Plaintiff's allegations of persistent debilitating anxiety. Tr. 20. As discussed above, the treatment notes show Plaintiff reported that his anxiety was much better after his stay in jail, rating it a 2 out of 10 when it was previously an 8 out of 10. Plaintiff reported that things at home were going fine, he felt more calm and relaxed, and he was not having any anger or anxiety issues. He reported that he was not even feeling anxious, mostly just bored. His mental exam showed that he was pleasant and cooperative and had very good mood. *Id.* citing Tr. 395. He reported improvement with medication with no side effects. *Id.* citing Tr. 397. While this reasoning overlaps with the other two reasons, there is substantial support in the treatment notes and mental status exam to infer that the ALJ reasonably determined that the medical record undermined Plaintiff's subjective complaints.

Third, the ALJ determined that Plaintiff's daily activities during the relevant period reflected greater functioning than he alleged. An ALJ may consider a claimant's activities when evaluating the reliability of the claimant's symptom allegations. 20 C.F.R. § 404.1529(c)(3)(i) (2017). There are two grounds for using daily activities to discount a claimant's testimony: (1) activities "contradict [the claimant's] other testimony" or (2) activities "meet the threshold for transferable work skills." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). The first basis applies here. An ALJ may reject a claimant's symptom allegations by referencing

"contradictions in the claimant's own testimony about his activities of daily living." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004).

Plaintiff alleged that he could not work because he could not interact with others without irritability and anger outbursts and that he could not maintain enough attention to even watch a movie. Tr. 20 citing Tr. 42. However, the ALJ pointed out that he made contradictory reports, such as being able to play video games, watch television, and socialize with friends multiple times a week without incident, as well as take public transportation, manage his own money, and shop independently. Tr. 20-22 citing Tr. 258. The ALJ reasonably found that these activities contradicted Plaintiff allegations of totally debilitating social anxiety and attention deficits.

The Court finds that the ALJ sufficiently reviewed the evidence, and while Plaintiff may disagree with the ALJ's ultimate conclusions, the ALJ's interpretation and conclusions are not unreasonable as a matter of law. The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation. *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Here, Plaintiff's interpretation of the evidence is reasonable, but so is the ALJ's interpretation. The ALJ's decision includes clear and convincing reasons, and substantial evidence supports the ALJ's assessment regarding Plaintiff's subjective symptom testimony.

**II.      ALJ properly evaluated the medical opinion of Dr. Alvord.**

Plaintiff's application was filed on January 1, 2017, before the new rules were in effect. For cases filed before March 27, 2017, Federal Regulations 20 C.F.R. §§ 404.1527 and 416.927 instruct administrative law judges (ALJs) how to evaluate opinion evidence, and require ALJs to apply the following factors: whether the source has examined the individual, how long the source has known and how frequently the source has seen the individual, the nature and extent of a treatment relationship, whether the source is a specialist in the relevant medical issues, how

consistent the opinion is with other evidence, the degree to which the source presents relevant evidence to support an opinion, and how well the source explains the opinion. 20 C.F.R.§ 416.927(c).

Scott Alvord, Psy.D., conducted a psychological evaluation of Plaintiff in April of 2017 and issued a report of his findings and an assessment of his functioning. Tr. 286-90. Dr. Alvord opined that Plaintiff would have difficulty performing detailed and complex tasks; accepting instructions from supervisors; interacting with coworkers and the public; performing work activities consistently without special or additional instructions or accommodations; maintaining regular attendance; completing a normal workday or workweek without interruptions from his psychological symptoms; and dealing with the usual stress of a workplace. Tr. 290.

The ALJ did not reject this opinion but interpreted it and incorporated more concrete limitations into the RFC. The ALJ is responsible for translating and incorporating clinical findings into a succinct RFC. 20 C.F.R. §§ 404.1546(c); *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015). Vague statements fail to specify a claimant's functional limits and are thereby "inadequate for determining RFC." *Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020). Here, Dr. Alvord's report did not provide specific functional or occupational limitations, merely stating that Plaintiff "would have difficulty" with certain tasks and expectations. The ALJ thus limited Plaintiff's RFC to short, simple, and routine working instructions with a GED reasoning level of two or less, limited all interaction with the public, and limited interaction with coworkers and supervisors to only "occasional."

The ALJ did reject Dr. Alvord's opinion regarding attendance, noting that more recent treatment notes and Plaintiff's testimony did not provide adequate support for limiting Plaintiff's attendance at work. Tr. 22. citing Tr. 39, 393. Similarly, the ALJ noted that the evidence "shows

the claimant has no problems dealing with stress in the workplace, so long as the stress is not induced by others." Thus, the ALJ limited Plaintiff's RFC to no contact with the public and allowed only minimal contact with supervisors and coworkers. The ALJ reasonably incorporated Dr. Alvord's opinion and translated it into concrete functional limitations for purposes of the RFC, and he gave clear and convincing reasons for the portion of the opinion he did not credit.

### III.  The RFC is supported by substantial evidence.

The ALJ reasonably assessed Plaintiff's residual functional capacity. A residual functional capacity represents "the most [a person] can still do despite [that person's] limitations," and is assessed based on all relevant evidence in the case record. 20 C.F.R. § 404.1545; SSR 96-8p, available at 1996 WL 374184, at 1. Determining the claimant's residual functional capacity is the ALJ's responsibility. 20 C.F.R. § 404.1546(c). The ALJ must consider the whole record and weigh the medical and testimonial evidence. SSR 96-8p at 1. The Court affirms the ALJ's determination of the residual functional capacity if the ALJ applied the proper legal standards and the decision is supported by substantial evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

Here, substantial evidence supported the residual functional capacity finding, and the ALJ did not err in applying any legal standards. As discussed above, the ALJ did evaluate and assess limitations related to Plaintiff's anger and attention problems, such as limiting his interaction with others and limiting Plaintiff to short, simple, and routine job instructions. Tr. 19, 21-23. Additionally, no credited medical opinion opined Plaintiff could not sustain simple routine tasks despite his attention deficits. Tr. 19, 21-23 citing 259, 290, 61-62, 74-75. Dr. Alvord stated Plaintiff would "have difficulty" performing work activities on a consistent basis without special accommodation; maintaining regular attending; and completing a normal

13 - Opinion and Order

workday/week without interruptions from psychologically based symptoms, but as explained above, those limitations are too vague to be vocationally useful, and the ALJ reasonably adapted them to more concrete limitations for the RFC.

The ALJ's residual functional capacity determination took into account the limitations for which there was record support and properly excluded the limitations that the ALJ found unsupported by substantial evidence in the record. Plaintiff's alternative interpretation of the evidence is not enough to show error. As discussed above, the court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation. *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).

## ORDER

The ALJ did not err in evaluating the evidence. The final decision of the Commissioner is affirmed.

It is so ORDERED and DATED this 20 day of April, 2022.

MARK D. CLARKE
United States Magistrate Judge